# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LILLIAN K. MEYER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br>　Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | 3:18-cv-00412-RCJ-CBC<br><br><br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE[1]** |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Lillian Meyer's ("Meyer") application for supplemental security income payments pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383. Currently pending before the Court is Meyer's motion to submit new evidence, which the Court construes as a motion for remand. (ECF No. 13.) In this motion, Meyer seeks remand on the basis of new medical evidence. (*Id.*) The Commissioner filed an opposition (ECF No. 14), and Meyer filed a reply (ECF No. 15). For the reasons set forth herein, the Court recommends that Meyer's motion for remand, (ECF No. 13), be denied.

## I.   STANDARDS OF REVIEW

### A.   Judicial Standard of Review

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

---

[1]　This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Shalala,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and

analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social

Security Rulings ("SSRs") 85-28 and 96-3p.1 If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four in order to determine whether the individual has the RFC to perform her past relevant work ("PRW").

4

20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     CASE BACKGROUND**

   A.     Procedural History

Meyer applied for supplemental security income ("SSI") on May 26, 2015 with an alleged onset date of April 1, 2010. (Administrative Record ("AR") 18, 203-13.) The application was denied initially (AR 96-109), and on reconsideration. (AR 112-25.) Meyer subsequently requested an administrative hearing. (AR 142-44.)

On August 4, 2017, Meyer and her attorney appeared at a hearing before an Administrative Law Judge ("ALJ"). (AR 63-94.) John J. Komar, a vocational expert ("VE"), also appeared at the hearing. (*Id.*) The ALJ issued a written decision on October 19, 2017, finding that Meyer was not disabled because she could perform work existing in significant numbers. (AR 15-32.) Meyer appealed, and the Appeals Council denied review on July 12, 2018. (*Id.* at 1-7.) Accordingly, the ALJ's decision became the final decision

of the Commissioner. Having exhausted all administrative remedies, Meyer filed a *pro se* complaint for judicial review on August 27, 2018. (ECF No. 1.)

B. ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 15-32.) Ultimately, the ALJ disagreed that Meyer has been disabled from May 26, 2015, through the present date. (*Id.* at 27.) The ALJ held that, based on Meyer's RFC, her age, education and work experience, she was able to perform past work and there were jobs in the national economy that she could perform. (*Id.* at 26-27.)

In making this determination, the ALJ started at step one. Here, the ALJ found Meyer had not engaged in substantial gainful activity from the application date of May 26, 2015, through the present. (*Id.* at 21.) At step two, the ALJ found Meyer had the following severe impairments: bilateral hearing loss, plantar fascia syndrome, tinnitus, bipolar disorder, anxiety, depression, and substance abuse disorder. (*Id.*) At step three, the ALJ found Meyer did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (*Id.* at 21-22.)

Next, the ALJ determined Meyer had an RFC to perform light work, as defined by 20 C.F.R. § 416.967(b), except she could frequently climb ramps and stairs, but never climb ladders or scaffolds. (*Id.* at 22-26.) According to the ALJ's RFC determination, Meyer was capable of frequent balancing, stopping, kneeling, crouching, or crawling. (*Id.*) However, she was to avoid all exposure to noise above a moderate level and all exposure to moving mechanical parts and unprotected heights. (*Id.*) Additionally, she could understand, remember and carry out simple, routine instructions and tasks and occasionally interact with the public, coworkers, and supervisors, but she could not perform work at an assembly line pace. (*Id.*)

The ALJ found that Meyer's impairments could be expected to cause the symptoms alleged, but that her statements regarding the intensity, persistence, and limiting effects

of those symptoms were not entirely credible.  (*Id.* at 24.)  In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Meyer's credibility.  (*Id.* at 24-26.)  The ALJ then determined that Meyer had no past relevant work.  (*Id.* at 26.)

Proceeding to step five, and relying on the testimony of the VE, the ALJ determined that Meyer's age, education, work experience, and RFC would allow her to perform occupations existing in significant numbers in the national economy, such as: housekeeping cleaner, collator operator, or photocopy machine operator.  (*Id.* at 26-27.)  Accordingly, the ALJ held that Meyer had not been under a disability since the filing of her application on May 26, 2015 and denied her SSI claim.  (*Id.* at 27.)

**III.    ISSUES**

Meyer seeks remand on the basis of new medical evidence.  (ECF No. 13.)  The new evidence consists of a letter from Psychiatrist Philip D. Malinas, dated August 10, 2018. (*Id.*)  Meyer does not provide any additional argument or explanation for the request to remand.  (*See id.*)

**IV.    DISCUSSION**

Meyer's motion appears to submit that the basis for remanding her case is a new letter from her doctor for disability benefits.  (ECF No. 13.)   Although this Court may recommend remand for consideration of new evidence, remand is proper only where the evidence is "material" and "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  New evidence is material under § 405(g) if the evidence bears directly and substantially on the matter in dispute, and if there is a reasonable possibility that the new evidence would have changed the outcome of the administrative determination.  *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001); *see also Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Further, to demonstrate good cause, the plaintiff must demonstrate that the new evidence was unavailable earlier.  *Mayes*, 276 F.3d at 463 (citing *Key v. Heckler,* 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the

claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied"); *Sanchez v. Secretary of Health & Human Servs.,* 812 F.2d 509, 512 (9th Cir. 1987) (holding that the applicant lacked good cause to remand for consideration of two psychological examinations prepared after the applicant's disability determination when his attorney knew of the applicant's memory loss but failed to explain why the applicant had not requested a mental evaluation or pressed his mental impairment claim at the hearing before the ALJ)).

The new medical evidence Meyer provides to the Court is a letter from Dr. Malinas dated August 10, 2018. (*See* ECF No. 13 at 4.) The letter contains a recitation of Meyer's mental health diagnoses and a brief description of treatment modalities. (*Id.*) The letter also states that Meyer "is unable to work and [is] not expected to be able to do so for at least a year." (*Id.*) Meyer has not shown that the "new evidence" is sufficiently material to require remand.

The letter relates to Meyer's condition outside of the time-period for which the ALJ adjudicated, from May 26, 2015 to October 19, 2017. (*See id.*; AR 15-32.) The record indicates that the ALJ already considered Dr. Malinas' treatment notes in making his non-disability determination, (*See* AR 24-25; 360-380), and Meyer has not shown how this new letter would have changed the ALJ's conclusion. Dr. Malinas' statement that Meyer "is unable to work and not expected to be able to do so for at least a year," is not a medical opinion and likely would not have changed the ALJ's decision. *See* 20 C.F.R. § 404.1527(d) (explaining that opinions stating a claimant is "disabled" or "unable to work" are "not medical opinions … but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case.")

Meyer does not articulate how this letter is material or how it bears directly and substantially on the matter in dispute and would have changed the outcome of the administrative decision. (*See* ECF No. 13.) The letter post-dates the ALJ's decision and, therefore, does not relate to the period at issue. Further, since Meyer fails to submit any explanation as to how this document would bear directly and substantially on the matter,

this evidence is immaterial as to whether Meyer was disabled during the timeframe of the ALJ's adjudication.  *See Cook v. Colvin*, 2016 WL 805885, at *5 (D.Nev. Feb. 9, 2016).

Thus, the Court finds that Meyer fails to submit that the new evidence, from outside the timeframe of the ALJ's decision, contained material information bearing directly or substantially on the matter.  Meyer fails to articulate any legal analysis or point to any errors in the ALJ's determination warranting a remand.

## IV.     CONCLUSION

Based on the foregoing, the Court finds that Meyer presents no valid basis for remand and therefore Meyer's motion for remand (ECF No. 13) should be **DENIED**.

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Meyer's motion for remand (ECF No. 13) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: September 10, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**

9